IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN GARNER,     *

       Plaintiff,

       v.     *     CIVIL ACTION NO. RWT-13-3309

BOBBY P. SHEARIN, et al.,     *

       Defendants.     *
******

## MEMORANDUM OPINION

The Court is in receipt of Plaintiff's Court-directed Amended Complaint, filed pursuant to 42 U.S.C. § 1983, wherein he states that on September 10, 2010, Sgt. Sires "made [him] send [his] property home and destroy it." ECF No. 5. Plaintiff also seeks leave to proceed in forma pauperis [ECF No. 6], which shall be granted.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2] Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F. 3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

---

[1] Plaintiff may avail himself of remedies under Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under Fed. R. Civ. P. 12(b)(6).

A separate Order follows.


Date: February 14, 2014                                          /s/
                                                         ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE